**Scott SHERLOCK**

v.

**John HOGUE.**

**Civ. A. No. 82–2525.**

United States District Court, E.D. Pennsylvania.

Aug. 15, 1983.

Salvatore J. Cucinotta, Philadelphia, Pa., for Sherlock.

C. Stephens Vondercrone, Jr., Lansdale, Pa., for Hansley, Meyers and Ziegler.

Arthur R. Tilson, Ambler, Pa., for John and Clair Hogue.

Sean O'Callaghan, Paoli, Pa., for Hansley, Ziegler, and Borough of Lansdale.

## MEMORANDUM

GILES, District Judge.

On January 31, 1983, following a jury verdict, judgment was entered pursuant to 42 U.S.C. § 1983 in favor of plaintiff and against defendant John Hogue, only. The defendant had used unreasonable force in assisting the police in plaintiff's arrest. Compensatory damages of $2,000 and punitive damages of $1.00 were awarded. Judgment was entered in favor of the two defendant police officers. Plaintiff's counsel now seeks an award of $13,180 in counsel fees (131.8 hours at $100 per hour) pursuant to 42 U.S.C. § 1988 for services rendered to his client as the prevailing party. Hogue seeks a deduction of 35.6 of those hours, arguing that they were actually spent on claims against the police officers as to whom plaintiff did not prevail. He contends that $65 per hour would represent a reasonable hourly rate for counsel fees and would be in accordance with the hourly rates approved in other attorney fee cases in this district. He also contests most of the claimed costs as unrelated to this action or to him.

The court must first determine the lodestar figure consisting of the number of hours reasonably spent multiplied by a reasonable hourly rate. *Hughes v. Repko,* 578 F.2d 483, 485–87, 492 (3d Cir.1978); *Swicker v. William Armstrong and Sons,* 484 F.Supp. 762, 766 (E.D.Pa.1980). Having carefully reviewed the records submitted by both parties, the court has eliminated 29.6 hours of plaintiff's claim, finding them to be solely related either to the defense of a prior state criminal action against plaintiff or to the claims by plaintiff in this action against the police officers.[1]

I find that $65 per hour is a reasonable fee in light of the attorney's overall experience, knowledge, and skill in such matters, as well as the absence of any complex legal or factual issues in the case.[2] Thus, the lodestar figure becomes 102.2 hours (131.8 − 29.6) × $65.

Next, the court must determine whether the lodestar should be increased to account for the contingent nature of the work. 484 F.Supp. at 766. Hogue conceded that he struck plaintiff repeatedly with a crutch but contended that this was necessary to prevent bodily injury to the police officer under attack by plaintiff. Thus, the case resolved itself into a credibility determination by the jury. There was no substantial risk of noncollection of any successful verdict. Therefore, I find that no increase is warranted.

Finally, I have made a discretionary adjustment reducing the lodestar figure by 25%. Plaintiff's attorney has not advanced important substantive goals of the Civil Rights Act. *See* 484 F.Supp. at 769. Rather, the action affected only one individual complaining of an isolated act. *Id.* citing *Keown v. Storti,* 456 F.Supp. 232, 242 (E.D. Pa.1978). Plaintiff's counsel has not advanced a novel theory of civil rights which would serve the public interest in the future. *Id.* Furthermore, the relief granted to plaintiff, $2,001, was far below the original demand in excess of $50,000. Therefore, I find that counsel fees in the amount of $4,983 are reasonable.[3]

---

1. The court has eliminated all of the hours contested by the defendant in his memorandum in opposition to this motion except the following six (6) hours:

| | | | |
|---|---|---|---|
| 6/10/82 | 1.5 | defendant's requested reductions | −35.6 |
| 9/7/82 | 1.5 | | 6.0 |
| 10/6/82 | 1.0 | | |
| 11/18/82 | 1.7 | total allowed reductions | −29.6 hours |
| 12/16/82 | .3 | | |
| | 6.0 hours | | |

2. In *Swicker,* $60 was considered a reasonable hourly rate for experienced attorneys. 484 F.Supp. at 773. In *Levin v. Parkhouse,* 484 F.Supp. 1091 (E.D.Pa.1980), experienced attorneys were awarded $45–$65 per hour. *See also In re Fine Paper Antitrust Litigation MDL–323* (E.D.Pa. March 3, 1983) where hourly rates allowed for associates and co-lead counsel were $50 and $100 respectively.

3. 

| | |
|---|---|
| lodestar 102.2 x $65 = | $6,643 |
| 25% reduction − $6,643 x 25% | $1,660 |
| total award (counsel fees) | $4,983 |

Plaintiff claims costs in the amount of $6,570.78. Of these, only $481.79 have been shown to the court's satisfaction to be related to this case.[4] The remainder are directly related to plaintiff's defense of a prior criminal action where he was found guilty of criminal trespass upon Hogue's property. The costs claimed for service of subpoenas by Collins International Detectives, postage, xeroxing, and long distance telephone calls are denied for failure to prove that they were incurred in the prosecution of this civil action.

A total award of $5,464.79 shall be granted.[5]

4. 
| | |
|---|---:|
| Complaint, filing | $ 60.00 |
| Court Rptr., Dep. S. Hogue | 92.30 |
| Court Rptr., Dep. S. Sherlock | 247.00 |
| Subpoena of Recds. of Volunteer Med. Service Corps | 40.00 |
| Med. Recds. of S. Sherlock from North Penn Hosp. | 19.50 |
| Photos – Development | 22.99 |
| Total allowed costs | $481.79 |

5. 
| | |
|---|---:|
| Counsel fees | $4,983.00 |
| Costs | 481.79 |
| Total Award | $5,464.79 |